**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---------------------------------------
                                       :
JAMES BARNES,                          :        Civil No. 07-1194 (FLW)
                                       :
              Plaintiff,               :
                                       :
         v.                            :            **OPINION**
                                       :
MERCER COUNTY COURT HOUSE,             :
                                       :
              Defendant.               :
---------------------------------------:


**APPEARANCES:**

        JAMES BARNES, #521174/733533B
        Plaintiff Pro Se
        Trenton State Prison
        Trenton, New Jersey 08625

**FREDA L. WOLFSON, District Judge**


        Plaintiff JAMES BARNES (hereinafter "Plaintiff"), currently
confined at Trenton State Prison, Trenton, New Jersey, seeks to
bring this 42 U.S.C. § 1983 action in forma pauperis without
prepayment of fees pursuant to 28 U.S.C. § 1915.  Plaintiff
submitted his application to proceed in forma pauperis pursuant to
28 U.S.C. § 1915(a) (1998).  Plaintiff also submitted for filing
his complaint (hereinafter "Complaint").  Plaintiff named Mercer
County Court House as Defendant in this action.  See Compl.,
caption.  Plaintiff's Complaint alleges that (1) Plaintiff, a pre-

trial detainee, has been denied his right to a speedy trial because Plaintiff's arraignment was delayed subjecting Plaintiff to false imprisonment, see id. ¶¶ 6, 7; (2) Plaintiff was subjected to verbal harassment and threats by prison officials, see id. ¶ 7; (3) Plaintiff was wronged by having "hazardous coatabable [sic.] of food served," see id.; and (4) Plaintiff was denied medical treatment for his syphilis infection. See id. ¶¶ 6, 7. Plaintiff seeks compensatory damages in the amount of $100,000,000. See id. ¶ 7.

## **DISCUSSION**

### A. **Standard of Review**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996). Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a

claim, or seek monetary relief from immune defendants.  However, in determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  <u>See Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, lend credit to a <u>pro se</u> plaintiff's "bald assertions" or "legal conclusions."  <u>Id.</u>  Thus, "[a] pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  <u>Milhouse v. Carlson</u>, 652 F.2d 371, 373 (3d Cir. 1981) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972)).

## B.   Not Viable Claims

Federal courts are courts of limited jurisdiction.  <u>See Mansfield, C. & L. M. R. Co. v. Swan</u>, 111 U.S. 379, 383 (1884).  "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  <u>Bender v. Williamsport Area School Dist.</u>, 475 U.S. 534, 541 (1986).  A district court may exercise jurisdiction over

"Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989). "When evaluating a claim brought under § 1983, we must first 'identify the exact contours of the underlying right said to have been violated' in order to determine 'whether [plaintiff] has alleged a deprivation of a constitutional right at all.'" Natale v. Camden County Correctional Facility, 318 F.3d 575,

4

581 (3d Cir. 2003) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 841 n.5 (1998)).  If so, the Court determines whether the defendant can be held liable for that violation.  See Natale, 318 F.3d at 581; Berg v. County of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000).

1.   SPEEDY TRIAL CLAIM

Plaintiff complains that his criminal case has been pending for fourteen months, requests monetary remedy and seemingly requests to either be released or have his criminal charges dismissed.  See Compl. ¶¶ 6, 7.  However, Plaintiff's speedy trial claims are not cognizable under § 1983 at this time.

If Plaintiff requests this Court to dismiss Plaintiff's criminal charges, his request is barred by the doctrine of Younger v. Harris, 401 U.S. 37 (1971), which forbids federal court interference in pending state court proceedings.[1] If Plaintiff requests this Court to have Plaintiff released, such a claim is not cognizable under § 1983 because the exclusive federal remedy for an inmate challenging his confinement is a petition for a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475 (1973); see

---

[1]    In Younger, the Supreme Court held that principles of equity and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances.  See also Samuels v. Mackell, 401 U.S. 66, 69-73, 91 S. Ct. 764, 27 L. Ed. 2d 688 (1971) (Younger abstention doctrine applies to declaratory judgment actions).

also Wolff v. McDonnell, 418 U.S. 539, 554 (1974).[2]   The speedy trial claim is not cognizable under § 1983 and must be brought in a petition for writ of habeas corpus.  See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Moore v. De Young, 515 F.2d 437, 442, 443 (3d Cir. 1975).

Even if this Court were to construe the matter as a petition for writ of habeas corpus, the claim would fail. This is because "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden, 410 U.S. at 489 (quoting Ex parte Royall, 117 U.S. 241, 253 (1886)).  Federal courts should not permit the claimed denial of a speedy trial to result in the "'derailment of a pending state proceeding.'" Moore v. De Young, 515 F.2d at 446 (quoting Braden, 410 U.S. at 491).  Indeed, "for purposes of pre-trial habeas relief . . . a denial of speedy trial alone, and without more, does not constitute an 'extraordinary circumstance'" warranting habeas relief. Moore, 515 F.2d at 448.

The proper procedure is to exhaust the speedy trial claim by presenting it to all three levels of the New Jersey courts and to

---

[2]

The Supreme Court held in Preiser that a person may not obtain equitable relief under 42 U.S.C. § 1983 releasing him from confinement. When person in custody is "challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser, 411 U.S. at 500.

bring it before this Court in a petition under 28 U.S.C. § 2254 after the claim has been exhausted. See id. at 449. As the United States Court of Appeals for the Third Circuit explained,

> Petitioner . . . will have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and in any subsequent appellate proceedings in the state courts. Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented. These procedures amply serve to protect [Petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes.

Id.; see also United States v. Castor, 937 F.2d 293, 296-297 (7th Cir. 1991); Dickerson v. State of Louisiana, 816 F.2d 220, 225-227 (5th Cir. 1987); Atkins v. State of Michigan, 644 F.2d 543, 545-547 (6th Cir. 1981); Carden v. State of Montana, 626 F.2d 82 (9th Cir. 1980).[3]

Finally, if Plaintiff requests this Court to grant Plaintiff damages for the alleged delay in Plaintiff's criminal prosecution, such request is also not viable.   In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court addressed a corollary question to that presented in Preiser, that is, whether a prisoner could challenge the constitutionality of his conviction in a suit for

---

[3]      In United States v. MacDonald, 435 U.S. 850, 858 (1978), the Supreme Court clarified that speedy trial claims are to be considered after the facts have developed at trial.   The Court observed that the Speedy Trial Clause "does not, either on its face or according to the decisions of this Court, encompass a 'right not to be tried' which must be upheld prior to trial if it is to be enjoyed at all." Id. at 861.

damages only under § 1983, a form of relief not available through a habeas corpus proceeding.  Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted).  The Supreme Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted).  The Court further held that "a § 1983 cause of action for damages attributable to an

unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."[4]  Id. at 489-90.

---

[4]   The Heck doctrine is applicable to Plaintiff regardless of Plaintiff's status as a pre-trial detainee.  The Court of Appeals for the Third Circuit has recognized that claims for damages which would necessarily imply the invalidity of a future conviction on pending criminal charges are not cognizable.  See Smith v. Holtz, 87 F.3d 108, 113 (3d Cir.1996).  As the Holtz Court made clear:

> [Section] 1983 actions are subject to the "hoary principle" that civil tort actions are not the appropriate vehicle for challenging the validity of convictions and sentences.  The express objectives of this holding were to preserve consistency and finality, and to prevent "a collateral attack on [a] conviction through the vehicle of a civil suit."  . . .  We find that these concerns apply equally to claims that, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charge.  A claim by a defendant in an ongoing criminal prosecution which necessarily challenges the legality of a future conviction on pending criminal charge lies at the intersection of the federal habeas corpus statute and the Civil Rights Act of 1871.  If such a claim could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit.

Holtz, 87 F.3d at 113 (emphasis removed).

Thus, dismissal of claims for monetary relief under federal law causes of action, which necessarily depend on the outcome of the ongoing criminal cases, is both warranted and mandatory in view of the Third Circuit's pronouncement.  Moreover, the Court in Guerro v. Mulhearn, 498 F.2d 1249, 1254 (1st Cir. 1974), also squarely addressed the issue of abstention where there exists an ongoing state criminal proceeding, stating:

> In any event, whatever cost to the litigant may be involved, there is an overriding cost that is avoided. Damage to the smooth operation of the administration of criminal justice, injury to the proper workings of a federal system, and undermining of congressional concern with the functioning of the writ of habeas corpus-all are
>                                         (continued...)

Plaintiff's claims for damages present the type of claim addressed in <u>Heck</u>, that is, a finding that Plaintiff's conviction was procured by unconstitutional means would necessarily imply the invalidity of his potential conviction.   See <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) (describing "the standards by which to judge a contention that the Constitution requires that a criminal judgment be overturned because of the actual ineffective assistance of counsel"); <u>Holtz</u>, 87 F.3d at 113.  "In those cases in which a district court determines that success on the § 1983 claim would imply the invalidity of the conviction, the cause of action is deferred until the conviction is overturned."   <u>Gibson v. Superintendent of New Jersey Dept. of Law and Public Safety</u>, 411 F.3d 427, 449 (2005).  In fact, cases like that of Plaintiff (that is, those cases in which the <u>only</u> evidence supporting a conviction is tainted by a possible constitutional violation) are "the quintessential example of when the <u>Heck</u> deferred accrual rule is triggered."  <u>Id.</u> at 452.

"Considering <u>Heck</u> and summarizing the interplay between habeas and § 1983 claims, the Supreme Court recently explained that, 'a state prisoner's § 1983 action is barred (absent prior

---

[4](...continued)
harms which are prevented by the requirement that a civil rights damage action be deferred.

Thus, it would be indeed an improper interference with the pending state criminal court proceeding if this Court were to award Plaintiff damages based upon his claim of constitutional rights violations.

invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - <u>if</u> success in that action would necessarily demonstrate the invalidity of the confinement or its duration.'" <u>Williams v. Consovoy</u>, 453 F.3d 173, 177 (3d Cir. 2006) (quoting <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81-82 (2005)) (emphasis in original).

Because Plaintiff's "lack of speedy trial claim" does not present a cognizable federal claim, this Court will dismiss this allegation for failure to state a claim upon which relief may be granted.


2.   HARASSMENT CLAIMS

Plaintiff's Complaint alleged that Plaintiff was subjected to verbal harassment and threats by prison officials. <u>See</u> Compl. ¶ 7. It is undisputed, however, that acts of verbal harassment cannot qualify as violations of the Eighth Amendment. <u>See</u> <u>Stepney v. Gilliard</u>, 2005 U.S. Dist. LEXIS 31889, at *19 (N.J.D. Dec. 8, 2005) ("[V]erbal harassment and taunting is neither 'sufficiently serious' nor 'an unnecessary and wanton infliction of pain' under the common meaning of those terms. 'Verbal harassment or profanity alone . . . no matter how inappropriate, unprofessional, or reprehensible it might seem,' does not constitute the violation of any federally protected right and therefore is not actionable under

11

[Section] 1983") (quoting Shabazz v. Pico, 994 F. Supp. 460, 474 (S.D.N.Y. 1998), and citing Collins v. Graham, 377 F. Supp. 2d 241, 244 (D. Me. 2005)); see also Robinson v. Taylor, 2005 U.S. Dist. LEXIS 20951, at *8-9 (D. Del. Sept. 26, 2005) ("[M]ere verbal harassment does not give rise to a constitutional violation[; even if it is] inexcusable and offensive, [it] do[es] not establish liability under section 1983") (quoting McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) and citing Moore v. Morris, 116 Fed. App'x 203, 205 (10th Cir. 2004); Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 187-89 (D.N.J. 1993)); Abuhouran v. Acker, 2005 U.S. Dist. LEXIS 12864, at *15 (E.D. Pa. June 29, 2005) ("It is well established . . . that . . . verbal harassment, . . . standing alone, do[es] not state a constitutional claim") (citing Dewalt v. Carter, 224 F.3d 607, 612 (7th Cir. 1999); Williams v. Bramer, 180 F.3d 699, 706 (5th Cir. 1999); Maclean v. Secor, 876 F. Supp. 695, 698 (E.D. Pa. 1995)). Since the Plaintiff's allegations of verbal harassment and threats are not cognizable under § 1983, see Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979) (dismissing prisoner's claim that defendant laughed at prisoner and threatened to hang him), Plaintiff's allegations to that effect will be dismissed for failure to state a claim upon which relief may be granted.

3.   HAZARDOUS FOOD CLAIM

Plaintiff alleges that he was wronged by having "hazardous coatabable [sic.] of food served." See Compl. ¶ 7. While the precise meaning of this claim is unclear, it appears that Plaintiff is of opinion that the food served to Plaintiff and other inmates at the facility of Plaintiff's confinement is hazardous to human health. If so, Plaintiff's "hazardous food" claim is frivolous.

The Supreme Court explained that a claim is frivolous within the meaning of 28 U.S.C. § 1915(d) if the claim lacks an arguable basis either in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). Section 1915(d)'s term "frivolous," when applied to a complaint, embraces not only inarguable legal conclusions but also fanciful factual allegations. See id. The Section accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the power to dismiss those claims whose factual contentions are clearly baseless. See id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). In accordance with the Supreme Court's guidance articulated in Neitzke and Denton, courts across the nation dismissed claims based on sets of facts that were qualified as "fanciful, fantastic and delusional." See Huey v. Raymond, 53 Fed. Appx. 329 (6th Cir. 2002) (an inmate's claim that his food was poisoned by numerous prison employees, resulting in various ailments, was properly dismissed as irrational, wholly beyond belief, and the product of delusion);

Brock v. Angelone, 105 F.3d 952 (4th Cir. Va. 1997) (court rejected the inmate's claims that he was being poisoned by an ingredient in the prison pancake syrup); see also Taylor v. Bunnell, 1993 U.S. App. LEXIS 16889 (9th Cir. June 28, 1993) (dismissal of prisoner's claim alleging that prison authorities drained his body fluids with carpet cleaning machine was affirmed because his claims were fanciful, fantastic, delusional, and clearly lacked an arguable basis in law or fact); Callahan v. Beaman, 1993 U.S. App. LEXIS 4211 (9th Cir. Feb. 22, 1993) (where the complaint alleged that the conspiracy was part of a larger scheme with the Seventh Day Adventists to get full control of one of the plaintiffs, the district court properly found the complaint to be frivolous and dismissed the action); Punchard v. New Mexico, 1992 U.S. App. LEXIS 1923 (10th Cir. Feb. 5, 1992) (inmate's complaint, in which he claimed state officials had no right to hold or charge him because he was the head of a foreign government, the Emperor of the Royal Democratic State of Continental Africa Kingdom, was frivolous); O'Neal v. Unknown Oakland Circuit Judge, 2006 U.S. Dist. LEXIS 9972 (W.D. Wis. Mar. 13, 2006) (where the claim asserted prolonged judicial conspiracy, the "allegations ha[d] a paranoid quality that ma[de] them difficult to accept as true").

In the same vein, the courts in the Third Circuit dismissed fanciful, fantastic and delusional allegations. See Armstead v. Briggs, 2004 U.S. Dist. LEXIS 3588 (D. Del. Feb. 17, 2004)

(dismissing the claim requesting that the court set up an appointment for the plaintiff with President George W. Bush so that she could tell him that she had filed a lawsuit seeking his permanent appointment as the President of the United States); <u>Noble v. Becker</u>, 2004 U.S. Dist. LEXIS 480 (D. Del. Jan. 15, 2004) (the claims that the government officials and others had engaged in a vast conspiracy to violate his constitutional rights was clearly delusional); <u>Williams v. Werster</u>, 1994 U.S. Dist. LEXIS 8901 (E.D. Pa. June 30, 1994) (plaintiff's claim that he had uncovered evidence of a conspiracy by the former mayor to commit sabotage and espionage in order to establish ecclesiastical law and in some way interfering with U.S. commerce were fanciful, fantastic, or delusional); <u>Robinson v. Love</u>, 155 F.R.D. 535, 1994 U.S. Dist. LEXIS 7503 (E.D. Pa. 1994) (where plaintiff alleged that he was subjected to witchcraft and attempts to poison him with cyanide, the allegations were described as fanciful, fantastic, or delusional scenarios).

In accord with the  above-cited decisions by the courts in this Circuit and other federal courts, this Court holds that Plaintiff's allegations that he was being catered hazardous food are fanciful, fantastic, or delusional and should be dismissed as irrational or wholly incredible.

**C.    Potentially Viable Claims**

While Plaintiff's above-discussed claims are clearly without merit, Plaintiff's allegations that he was denied medical treatment of his syphilis is potentially meritorious.   Since "the Due Process rights of a pre-trial detainee are at least as great as the Eighth Amendment protections available to a convicted prisoner," Reynolds v. Wagner, 128 F.3d 166, 173 (3d Cir. 1997) (citation omitted); see also Bell, 441 U.S. at 544; City of Revere v. Massachusetts, 463 U.S. 239, 244 (1983), deliberate indifference to a pretrial detainee's serious medical needs violates his right not to be punished without due process of law. See Reynolds, 128 F.3d at 173-74; Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 345-46, n.31 (3d Cir. 1987); see also Estelle v. Gamble, 429 U.S. 97, 104 (1976); Farmer v. Brennan, 511 U.S. 825 (1994).

Under the Eighth Amendment, a confined person has a protected right in being incarcerated at a place of confinement confirming to the standards set forth by the Eighth Amendment.   The Constitution "does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 349 (1981), but neither does it permit inhumane ones, and it is now settled that ""he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993).   In its prohibition of "cruel and unusual

16

punishments, the Eighth Amendment . . . imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials . . . must take reasonable measures to guarantee the safety of the inmates." Hudson v. Palmer, 468 U.S. 517, 526-527 (1984), see Helling, 509 U.S. at 31-32; Washington v. Harper, 494 U.S. 210, 225 (1990); Estelle v. Gamble, 429 U.S. 97, 103 (1976).   The Eighth Amendment prohibits conditions which involve the unnecessary and wanton infliction of pain or are grossly disproportionate to the severity of the crime warranting imprisonment. Rhodes, 452 U.S. at 346, 347.  The cruel and unusual punishment standard is not static, but is measured by "the evolving standards of decency that mark the progress of a maturing society." Rhodes, 452 U.S. at 346 (quoting Trop v. Dulles, 356 U.S. 86, 101 (1958)).

Thus, to prevail on a medical care claim under the Eighth Amendment, an inmate must show that the defendants were deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).  Persistent severe pain qualifies as a serious medical need.   A medical need is serious where it "has been diagnosed by a physician as requiring treatment or is . . . so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correctional Institution Inmates v.

17

Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

"Deliberate indifference" exists "where [a] prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." Rouse, 182 F.3d at 197.  Furthermore, deliberately delaying necessary medical diagnosis for a long period of time in order to avoid providing care constitutes deliberate indifference that is actionable.  See Durmer v. O'Carroll, 991 F.2d 64 (3d Cir. 1993). Deliberate indifference is also evident where officials erect arbitrary and burdensome procedures that result in interminable delays and denials of medical care to suffering inmates.  See Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 346-47 (3d Cir. 1987), cert. denied 486 U.S. 1006 (1998). However, neither inconsistencies or differences in medical diagnoses, nor refusal to consider inmate's self-diagnoses, to summon the medical specialist of the inmate's choice, to perform tests or procedures that the inmate desires, to explain to the inmate the reason for medical action or inaction, or to train the inmate to perform medical procedures can amount to cruel and unusual punishment.  See White v. Napoleon, 897 F.2d 103 (3d Cir. 1990) (mere disagreements over medical judgment do not state Eighth

Amendment claims). Since further discovery might enable Plaintiff to show that his claim based on denial of medical treatment has merit, this claim should not be dismissed at this stage.

However, Plaintiff's claim based on denial of medical treatment, even if it has merit cannot proceed against Defendant Mercer County Court House, the only Defendant named in this action, since Mercer County Court House is not a "person" subject to suit under 42 U.S.C. § 1983. See Carroway v. New Jersey, 2006 U.S. App. LEXIS 25969, at *3-4 (3d Cir. 2006)(affirming district court's dismissal of § 1983 claims against Union County Courts on the grounds of Eleventh Amendment immunity and that these entities are not "persons" subject to § 1983 liability); Reiff v. Phila. County Court of Common Pleas, 827 F. Supp. 319, 324 (E.D. Pa. 1993) ("The Court of Common Pleas is not subject to suit at all under § 1983, because states or 'governmental entities that are considered 'arms of the state' for Eleventh Amendment purposes' are not 'persons' within the meaning of § 1983 and consequently are not among those liable for violations of the civil rights statute") (quoting citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 70 (1989)). Therefore, Plaintiff's claims against Defendant Mercer County Court House will be dismissed with prejudice.

Since Plaintiff's sole potentially viable claim, that is, that Plaintiff was denied medical treatment of his syphilis, cannot proceed to the next stage at the instant juncture for Plaintiff's

failure to name at least one viable defendant, this claim will be dismissed without prejudice to Plaintiff's amending his Complaint by designating the persons Plaintiff believes to be responsible for denial of medical treatment to Plaintiff as defendant(s) in this action.[5]

## CONCLUSION

For the reasons stated above, Plaintiff's claim that his federal rights were violated by verbal harassment will be dismissed with prejudice for failure to state a claim upon which relief may be granted.  Plaintiff's claim that his federal rights were violated by having hazardous food catered to Plaintiff will be dismissed with prejudice as frivolous.  Plaintiff's claim for monetary damages based on alleged violation of Plaintiff's right to speedy trial will be dismissed without prejudice, since the claim has not yet accrued.  Finally, Plaintiff's allegations that he was denied medical treatment of his syphilis will be dismissed without prejudice to Plaintiff's amending his Complaint--within thirty days from the date of entry of the Order accompanying this Opinion--by designating the person(s) Plaintiff believes to be responsible for

---

[5]
The language of Plaintiff's Complaint indicates that the medical staff of either Mercer County Correctional Center or that of Trenton State Prison, or both, might be the entity/entities responsible for denial of medical treatment to Plaintiff.  The Court, however, can neither speculate which entity might be a defendant in Plaintiff's action nor has any mandate to name, sua sponte, any entity as defendant in Plaintiff's action.

the denial of medical treatment as defendant(s) in this action.

An appropriate order accompanies this Opinion.


s/Freda L. Wolfson
**FREDA L. WOLFSON**
**United States District Judge**

Dated: June 5, 2007